CITY OF MANATEE, *et al.,* v. STATE, *ex rel.* BLANCHE M. WALSH

183 So. 722.
Division A.
Opinion Filed October 12, 1938.

*W. L. Kimball,* for Plaintiffs in Error;
*L. R. Milton,* for Defendant in Error.

BUFORD, J.—The law of this case was determined in our opinion and judgment rendered on its disposition pursuant to a former appeal. See City of Manatee, et al, v. State, ex rel. Walsh, 126 Fla. 425, 171 Sou. 228. That opinion and judgment was filed here on December 5, 1936. On December 18, 1936, Plaintiff in error filed petition here praying leave to present to the Circuit Court application for an order spreading the involved levy over a period of years. The petition was denied.

It appears from the record before us that there was no effort made to amend the alternative writ of mandamus. It is the elementary and universal rule in mandamus that the peremptory writ must follow the alternative writ.

On December 29, 1937, more than one year after our judgment, supra, was entered, and after the tax rolls for 1937 had been turned over to the Tax Collector and a large part of the taxes levied and assessed on said rolls, relator filed her petition for leave to amend the peremptory writ only so as to make it apply to the 1937 tax roll and on the same day order was entered amending the peremptory writ so as to make it apply to the 1937 tax roll.

The amended peremptory writ did not follow the alternative writ in its commands and was, therefore, erroneously issued. But, had the alternative writ been amended, as was the peremptory writ, the identical condition would have obtained as to the applicability of the writs to the 1937 tax roll which had obtained as to the applicability of the original writs to the 1936 tax roll when we rendered our judgment here on December 5, 1936.

So the judgment should be and is reversed without prejudice to amend the alternative writ and the peremptory writ so as to make the same applicable to the current 1938 tax roll.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.